

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | | |
|---|---|---|---|
| *Christine Duey*<br>*Assistant United States Attorney*<br>*Christine.Duey2@usdoj.gov* | *Mailing Address:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | *Office Location:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | *DIRECT: 410-209-4855*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3091* |

September 18, 2018

Christian Lassiter
Tower II, Suite 900
100 South Charles Street
Baltimore, MD 21201

    Re:    <u>United States v. Christian Moylan,</u>
             Criminal No. RDB-18-0382

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Christian Moylan (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by September 28, 2018, it will be deemed withdrawn. The terms of the Agreement are as follows:

Offense of Conviction

1. The Defendant agrees to plead guilty to Count One of the Indictment, which charges the Defendant with Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Indictment, in the District of Maryland:

    a.    The Defendant used, or attempted to use, a facility of interstate commerce;

    b.    to knowingly persuade, induce, entice, or coerce a person younger than 18;

    c.    the defendant believed the person was younger than 18 years old;

    d.    to engage in an illegal sexual activity, for which the Defendant could have been charged with a criminal offense for engaging in the specified sexual activity.

Rev. August 2018

## Penalties

3. The maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| One | 18 U.S.C. § 2422(b) | 10 years | life | Minimum of five years up to life | $ 250,000 | $ 5,100 |

    a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

    b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

    c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

    d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

    e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

    f. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

Rev. August 2018

### Waiver of Rights

4. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a. If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further

trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

        h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

    5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

    6.      This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein and to application of the following United States Sentencing Guidelines ("U.S.S.G.")

        a.      **Count One (Group One):** The applicable base offense level is **28** pursuant to § 2G1.3(a)(3) because the defendant's conviction is pursuant to 18 U.S.C. 2422(b).

        b.      There is a **two (2) level increase** pursuant to U.S.S.G. § 2G1.3(b)(2), because the defendant knowingly misrepresented his identity to persuade, induce, entice, or coerce a minor to engage in prohibited sexual conduct.

        c.      There is a **two (2) level increase** pursuant to U.S.S.G. § 2G1.3(b)(3), because the defendant used a computer to persuade, induce, entice, or coerce a minor to engage in prohibited sexual conduct.

        d.      The final offense level for Count One (Group One) is **32.**

        e.      **Relevant conduct (Group Two):** The defendant also possessed child pornography unrelated to Count One and this conduct does not group with the conduct in count

One. The guidelines are as follows: The base offense level is **18**. U.S.S.G. §2G2.1(a)(1). There is a **2** level enhancement because the material involved prepubescent minors (U.S.S.G. §2G2.1(b)(2)); **4** levels because the offense involved material that portrays sexual abuse or exploitation of a toddler (U.S.S.G. §2G2.1(b)(4)(A); **2** levels because the offense involved the use of a computer or an interactive computer service (U.S.S.G. §2G2.1(b)(6); and **5** levels because the offense involved more than 600 images (U.S.S.G. §2G2.1(b)(7)(D)) over 600 images. The total offense level for Group Two is **31**.

        f.     **Multiple Count Rules.** Group One has the highest offense level (32) and Group Two (31) is 1 to 4 levels less serious. Hence, each Group counts as one unit for a total of 2 and accordingly there is a two level increase to 34. U.S.S.G. § 3D1.4.

        g.     This Office does not oppose a **two (2) level reduction** in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **one (1) level decrease** in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

        h.     Accordingly, the adjusted offense level is **31**.

7.     There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8.     Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### Rule 11 (c) (1) (C) Plea

9.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **120 months of imprisonment** in the custody of the Bureau of Prisons, to be served concurrently with the sentence imposed in State v. Moylan, (Somerset County Circuit Court Case No. C-19-CR-17-000058), **followed by 25 years of supervised release**, is the appropriate disposition of this case taking into consideration the nature and circumstances of the

offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). This Agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

### Sex Offender Registration and Additional Special Assessment

10. The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crimes to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250

11. The Defendant must also pay an additional special assessment of $5,000, unless the Defendant is indigent, pursuant to 18 U.S.C. § 3014.

### Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

    b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

    c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Defendant's Conduct Prior to Sentencing and Breach

13. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

14. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Entire Agreement

15. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Robert K. Hur
United States Attorney

/s/

Christine Duey
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

10/5/18
Date

_____
Christian Moylan

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

10/5/18
Date

_____
Christian Lassiter

## Attachment A
Stipulated Facts

*The undersigned parties hereby stipulate and agree that the following facts are true, and if this case had proceeded to trial, the government would have proven these facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Christian Moylan ("Moylan") is a 38-year-old resident of Eden, Maryland.

On December 7, 2016, Moylan was using his computer to engage in "age play" communications with a person on the internet. During these communications, Moylan sent the person a photo via Skype, depicting the genitals of an unclothed pre-pubescent girl. Microsoft notified the National Center for Missing and Exploited Children (NCMEC), reporting that a Skype user uploaded a sexually explicit photograph. NCMEC then notified the Maryland State Police (MSP), which initiated an investigation.

On January 31, 2017, investigators went to the residence associated with the IP address of the Skype transmittal. Investigators spoke to Moylan and told him that they were investigating a report of child pornography. Moylan became visibly nervous and admitted to sending the child pornography. MSP obtained written consent to search the residence, and seized numerous digital items from Moylan's bedroom.

Investigators conducted an audio-recorded interview of Moylan at MSP barracks, and Moylan knowingly, intelligently and voluntarily waived his rights pursuant to *Miranda*. Moylan admitted that he used the name "melissa.e534" when communicating via Skype and that he sent the image on Skype. He further admitted that he has over 1,000 images and videos of child pornography stored on his computers and that he mainly looks for child pornography of females between the ages of 9 and 12. He further admitted that he sometimes disguises himself as a female on social media when he communicates with others on internet chat-rooms.

A state court judge authorized state search warrants for the digital items taken from Moylan's bedroom during the consent search, and for Moylan's Facebook and Skype accounts. A subsequent search of these items and accounts revealed over 1,000 child pornographic images and videos, depicting children as young as two engaged in various sexual acts to include fellatio, vaginal intercourse, anal intercourse, cunnilingus, urination, ejaculation and masturbation. Moylan's Apple IMAC, model A1419, SN# D25QM128GQ17, contained pornographic images included child on child sex acts, child with adult sex acts, and many hours of child pornographic videos.

Moylan was arrested on February 6, 2017. Investigators conducted a second audio-recorded interview of Moylan, and Moylan again knowingly, intelligently and voluntarily waived his rights pursuant to *Miranda*. Moylan admitted that he used the internet to trade child pornography with others, and he admitted that when he sent the image via Skype, he was posing as a female.

At the time of his arrest on February 6, 2017, Moylan gave written consent to search his iPhone. On Moylan's iPhone, investigators recovered numerous messages that Moylan sent to

others using the "Kik" messaging app. Investigators also discovered Moylan was in the process of deleting messages and resetting his passwords.

In the Kik communications that investigators recovered from his phone, Moylan posed as a girl named "Shayla B." The profile image that Moylan used as "Shayla B" depicted a young, white girl. Moylan used this fake persona to communicate with several young girls on Kik. Moylan posed as young "Shayla," and he met several other young girls on the internet in various innocent settings. Then, Moylan would engage in private communications with the girls, often on Kik, and engage in increasingly sexual communications. For instance, initially he communicated with then 13-year-old A.S. about innocent, typical things such as cheerleading and school, but toward the end of their communications, Moylan told A.S. about "using a curling iron and a hair brush as a dildo" and he asked her if she wanted to learn how to masturbate.

Between June 26, 2014 and September 2, 2014, Moylan also used the fake "Shayla" identity to communicate with then 15-year-old S.R. on Kik. He engaged in very sexually explicit conversations with S.R. He sent her images and videos that appeared to be "Shayla" masturbating. He persuaded, induced, enticed, and coerced S.R. to send him sexually explicit photos. On various different dates throughout the summer of 2014, S.R. would send photos to Moylan. Moylan texted her words, such as: "I think you should be naked," "you are so perfect", "I think it would be better without those bottoms on," "that's the hottest pic I have ever seen," "rub that pussy for me," "Omg yes pics like that ...," "Mmmm omg I love the curling iron pics," and "can I rape your pussy."

Moylan admits that he used, and attempted to use, a facility of interstate commerce to knowingly persuade, induce, entice, and coerce S.R., a person younger than 18, who the defendant knew to be younger than 18 years old, to engage in illegal sexual activity, namely, the attempted production of child pornography, for which he could have been charged with a criminal offense.

I, Christian Moylan, have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

SO STIPULATED:

/s/
Christine Duey
Assistant United States Attorney

Christian Moylan
Defendant

Christian Lassiter, Esq.
Counsel for Defendant